## Henry H. Brinton v. Jean E. Lafond.

1. SHORT CAUSE CALENDAR—*Insufficient Notice.*—Notice that a suit has been placed upon the short cause calendar, served upon the attorney who had appeared for a party in an inferior court, does not make the notice sufficient under the statute, where it is affirmatively shown that such party had no attorney in the case after it was appealed to the court above, and none had appeared for him.

Replevin.—Trial in the County Court of Cook County on appeal from a justice of the peace; the Hon. WALES W. WOOD, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in the Branch Appellate Court at the March term, 1898. Reversed and remanded. Opinion filed February 14, 1899.

RUFUS KING, attorney for appellant.

JEAN E. LAFOND, appellee, *pro se.*

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

Appellee in this case recovered judgment before a justice of the peace against appellant, and the latter perfected an appeal to the County Court. There the case was placed upon the short cause calendar, and appellant not appearing, judgment was obtained against him in that court for a sum considerably larger than the judgment entered before the justice. A motion to set aside the judgment was denied, and the defendant appeals.

It is contended that this *ex parte* judgment was improperly obtained, because no notice was given, as required by statute, that the cause would be placed on the short cause calendar.

The statute provides: " Upon the plaintiff, his agent or attorney, in any suit at law pending in any court of record, filing an affidavit that he verily believes the trial of said suit will not occupy more than one hour's time, and upon ten days' previous notice to the defendant, his agent or attorney, said suit shall be placed by the clerk upon said short cause calendar."

The bill of exceptions shows that an affidavit as required by statute, and a notice to the attorney who had represented appellant before the justice, with an affidavit of its service by copy, was duly filed with the clerk of the County Court. That affidavit of service states that the affiant " served the above notice by leaving a copy of the same," and was duly sworn to. It appears, however, that the copy so left, while a complete copy in all other respects of the notice itself and of the affidavit that affiant believed the trial of said suit would not occupy more than one hour's time, failed to show a copy of the signature of the officer before whom it was verified.

The statute provides that a suit may be placed upon the short cause calendar " upon ten days previous notice." The notice in this case might, perhaps, have been sufficient if it had been served upon " the defendant, his agent or attorney." But it was not so served. The fact that it was served on the attorney who had appeared for appellant before the justice, does not make the service sufficient under the statute. It is affirmatively shown that appellant had no attorney in the case after it was appealed to the County Court, and none had appeared for him. In Covill v. Phy, 24 Ill. 37, it was held that attorneys who tried the cause below, were not authorized to appear in the Supreme Court without a new retainer for that purpose.

The statute requires notice " to the defendant, his agent or attorney." The affidavit shows service upon an attorney not employed in the case, and upon no one else. The case was not properly upon the short cause calendar for trial, and it appearing from the affidavit filed that appellant had a good and meritorious defense, the motion to set aside the judgment was improperly denied.

The judgment of the County Court is reversed and the cause remanded.